WO                      NOT FOR PUBLICATION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brittian Willie Young, | No. CV-16-00961-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| 4909 Beverly LLC, | |
| Defendant. | |

At issue is *pro se* Plaintiff Brittian Willie Young's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2).

**I.    LEGAL STANDARDS**

    **A.    28 U.S.C. § 1915(e)(2)**

For cases in which a party is permitted to proceed *in forma pauperis*—that is, the party lacks the means to pay court fees—Congress provided that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Section 1915(e) applies to all *in forma pauperis* proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Id.* at 1127.

### B. Subject Matter Jurisdiction and Pleading in Federal Court

Unlike state courts, federal courts only have jurisdiction over a limited number of cases, and those cases typically involve either a controversy between citizens of different states ("diversity jurisdiction") or a question of federal law ("federal question jurisdiction"). *See* 28 U.S.C. §§ 1331, 1332. The United States Supreme Court has stated that a federal court must not disregard or evade the limits on its subject matter jurisdiction. *Owen Equip. & Erections Co. v. Kroger*, 437 U.S. 365, 374 (1978). Thus, a federal court is obligated to inquire into its subject matter jurisdiction in each case and to dismiss a case when subject matter jurisdiction is lacking. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3).

Federal Rule of Civil Procedure 8(a) provides that a complaint must include "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." In other words, to proceed in federal court, a plaintiff must allege enough in the complaint for the court to conclude it has subject matter jurisdiction. *See* Charles Alan Wright & Arthur R. Miller, *5 Fed. Practice & Procedure* § 1206 (3d ed. 2014). The complaint must also contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## II. ANALYSIS

With regard to the Complaint (Doc. 1, Compl.), the Court finds it lacks a clear statement of the grounds for this Court's subject matter jurisdiction, as required by Rule 8(a). It appears that Plaintiff may be asserting federal question jurisdiction by stating "constitutional provisions have been violated." (Compl. at 1.) However, Plaintiff also notes Plaintiff and Defendant's respective residencies and "negligence, and duty of care," suggesting he may be asserting diversity jurisdiction over a state law cause of action. (Compl. at 1.) Plaintiff must provide a clear basis for the Court's jurisdiction. This defect

alone is cause for the Court to dismiss the Complaint. *See Watson v. Chessman*, 362 F. Supp. 2d 1190, 1194 (S.D. Cal. 2005).

Plaintiff also fails to meet the Rule 8 requirements with regard to stating a claim. Plaintiff alleges "Defendant failed and violated conditions of personal verbal agreements and written agreements which lead to the destruction of a sacrament and place of conception." (Compl. at 2.) He also alleges "Defendant's actions lead to the violation of civil rights and due process in the fact that evidence was removed and there was a breach of contract . . . ." (Compl. at 2.) Plaintiff's allegations are general, conclusory, and devoid of any facts showing, for example, what Defendant did, said, did not do, or did not say, and why any action or inaction violates any law or the Constitution. It is impossible from the pleadings for this Court or for Defendant to have notice of any specific or general acts taken by Defendant that Plaintiff claims to be contrary to law. The Court concludes Plaintiff's Complaint fails to state a claim upon which relief may be granted and it will dismiss the action without prejudice.

If a defective complaint can be cured, the plaintiff is entitled to amend the complaint before the action is dismissed. *See Lopez*, 203 F.3d at 1127–30. Here, the Court will give Plaintiff an opportunity to amend his Complaint, but any Amended Complaint must meet the requirements of the Federal Rules of Civil Procedure.

With regard to the Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2), the Court finds that the Application is not clear enough for the Court to meaningfully evaluate Plaintiff's ability to pay the costs of these proceedings. Specifically, the basis for the change in Plaintiff's monthly income from $8,700 to $700 and his $580 "other" monthly expenses is unclear.

IT IS THEREFORE ORDERED that Plaintiff's Complaint (Doc. 1) is dismissed.

IT IS FURTHER ORDERED that Plaintiff may file an Amended Complaint that complies with the Federal Rules of Civil Procedure no later than 30 days from the date of this Order. If no Amended Complaint is timely filed, the Clerk shall dismiss this action without further Order of the Court.

1  IT IS FURTHER ORDERED striking Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) because Plaintiff provided insufficient detail. If Plaintiff files an Amended Complaint, Plaintiff may either file an Amended Application to Proceed in District Court Without Prepaying Fees or Costs containing the required information, or pay the Court's filing fee.

IT IS FURTHER ORDERED that if Plaintiff elects to file an Amended Complaint, it may not be served on Defendant until and unless the Court screens the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2). If and when the Court gives Plaintiff leave to serve an Amended Complaint, Plaintiff shall be responsible for service and may do so by request for waiver under Federal Rule of Civil Procedure 4.

Dated this 13th day of April, 2016.

Honorable John J. Tuchi
United States District Judge