**WO**                    NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brittian Willie Young,<br><br>                Plaintiff,<br><br>v.<br><br>4909 Beverly LLC,<br><br>                Defendant. | No. CV-16-00961-PHX-JJT<br><br>**ORDER** |

At issue is *pro se* Plaintiff Brittian Willie Young's Motion for Leave to File Amended Complaint; Application to Proceed in District Court Without Prepaying Fees or Costs; Waiver of Service; Memorandum of Law; Declaration of Brittian Willie Young in Support Thereof (Doc. 5, Mot.).

Plaintiff's Motion asks the Court for leave to file an Amended Complaint (Mot. at 3), but the Court previously issued an Order granting Plaintiff leave to file an Amended Complaint (Doc. 4), and thus Plaintiff already has permission to do so. Plaintiff's Motion at issue includes allegations that could be characterized as an Amended Complaint. (*See* Mot. at 3–5, 11–16.) Upon review of Plaintiff's allegations, the Court finds Plaintiff has failed to cure the defects in the Complaint. Plaintiff again fails to allege a clear statement of the grounds for this Court's subject matter jurisdiction, as required by Federal Rule of Civil Procedure 8(a). In its previous Order, the Court stated:

> Unlike state courts, federal courts only have jurisdiction over a limited number of cases, and those cases typically involve either a controversy between citizens of different states ("diversity jurisdiction") or

> a question of federal law ("federal question jurisdiction"). *See* 28 U.S.C. §§ 1331, 1332. The United States Supreme Court has stated that a federal court must not disregard or evade the limits on its subject matter jurisdiction. *Owen Equip. & Erections Co. v. Kroger*, 437 U.S. 365, 374 (1978). Thus, a federal court is obligated to inquire into its subject matter jurisdiction in each case and to dismiss a case when subject matter jurisdiction is lacking. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3).
>
> Federal Rule of Civil Procedure 8(a) provides that a complaint must include "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." In other words, to proceed in federal court, a plaintiff must allege enough in the complaint for the court to conclude it has subject matter jurisdiction. *See* Charles Alan Wright & Arthur R. Miller, *5 Fed. Practice & Procedure* § 1206 (3d ed. 2014). The complaint must also contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

(Doc. 4 at 2.)

Plaintiff provides an Arizona Post Office Box address as his address (Doc. 5 at 10) and states Defendant is an Arizona Limited Liability Company (Doc. 5 at 12). Therefore, it does not appear this Court has diversity jurisdiction because Plaintiff has not alleged that his claim involves a controversy between citizens of different states. *See* 28 U.S.C. § 1332. While Plaintiff cites various constitutional amendments, none provide a short and plain statement of a claim that would give this Court federal question jurisdiction. *See* 28 U.S.C. § 1331. Plaintiff has failed to provide a clear basis for this Court's diversity or federal question jurisdiction. Accordingly, to the extent Plaintiff's allegations in the present Motion can be characterized as an Amended Complaint, Plaintiff has not cured the defective Complaint. The Court will give Plaintiff an opportunity to file an Amended Complaint, but any Amended Complaint must meet the requirements of the Federal Rules of Civil Procedure.

1    With regard to Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, the Court finds Plaintiff has sufficient means to pay the Court's fees in this case.

IT IS THEREFORE ORDERED denying Plaintiff Brittian Willie Young's Application for Leave to Proceed *in forma pauperis* (Doc. 5).

IT IS FURTHER ORDERED that Plaintiff shall pay the Court's fees within 30 days of entry of this Order in order to proceed in this case.

IT IS FURTHER ORDERED that if Plaintiff does not pay the Court's fees within 30 days of entry of this Order, the Clerk shall dismiss this action without further Order of this Court.

IT IS FURTHER ORDERED that Plaintiff may file an Amended Complaint that complies with the Federal Rules of Civil Procedure no later than 30 days from the date of this Order. If no Amended Complaint is timely filed, the Clerk shall dismiss this action without further Order of the Court.

Dated this 6th day of June, 2016.

_____
Honorable John J. Tuchi
United States District Judge